IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EVEREST INDEMNITY INSURANCE COMPANY | § § § | |
| | § | CIVIL ACTION NO. 4:08-CV-0068-Y |
| V. | § § | |
| | § § | |
| ALLIED INTERNATIONAL EMERGENCY L.L.C., MEL HAMMITT, and TY MCKEE | § § § | MOTION TO TRANSFER VENUE UNDER 28 U.S.C § 1404(a) |

## MOTION TO TRANSFER VENUE WITH BRIEF

Defendants Allied International Emergency, L.L.C. (Allied), Mel Hammitt (Hammitt), and Ty McKee (McKee) (collectively Defendants) file this motion for transfer of venue under 28 U.S.C. § 1404(a), and would show:

Defendants can seek a discretionary transfer of venue for convenience and in the interest of justice.[1] Defendants have timely filed this request for transfer of venue, namely, contemporaneously with their answer.[2]

### FACTS

Plaintiff, at paragraph nine of its complaint, admits a lawsuit underlies its declaratory judgment action: *USF Equipment and Services, LTD and Alden Ozment v. Allied International Emergency, LLC, Mel Hammitt, and Ty McKee*, Cause No. 2-08CV-490, in the United States District Court for the Eastern District of Texas, Marshall Division (Underlying Action). Plaintiff also admits

---

[1]  *Ferens v. John Deere Co.*, 494 U.S. 516, 519 (1990).

[2]  *See Peteet v. Dow Chemical Co.*, 868 F.2d 1428 (5th Cir.1989).

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

**MOTION TO TRANSFER VENUE WITH BRIEF - Page 1**
F:\Bb\3405.02\Pleading\motiontransfer venue.wpd

in the same complaint paragraph that it seeks a declaration not only on its duty to defend, but also its duty to indemnify.

### BRIEF

Determination of the duty to indemnify emanates from the Underlying Action's live pleadings, jury charge, finding of facts, and trial transcript.[3] The indemnity issue normally does not entail a de novo proceeding at the declaratory judgment second stage, but rather a review of the proceedings and transcript in the Underlying Action. The federal judge in the Underlying Action will be more familiar with documents and proceedings that form the basis for determining the duty to indemnity, than this Court. To ask this Court to determine indemnity does not reflect an efficient use of strained judicial resources.

As indicated above, this Court has the discretion to transfer venue of this action to the federal court handling the Underlying Action for purposes of convenience and in the interest of justice.

Nothing precludes transfer of venue because of delay in seeking the transfer. Moreover, no argument can be raised that the Defendants' filing of this motion serves to (1) cause undue prejudice to the plaintiff (a national insurance carrier), (2) substantially increases the expense of litigation (the plaintiff was affording a defense to the defendants in the pending, underlying action in the Eastern District of Texas, Marshall Division, and all the witnesses will provide testimony in the Eastern District of Texas, Marshall Division), or (3) delay the proceedings (no scheduling order has been entered in this action and no finding of fact has occurred in the Underlying Action).[4]

---

[3]   *See Commercial Union Ins. Co. v. Reichard*, 404 F.2d 868, 870 (5th Cir.1968)(applying Florida law).

[4]   *See American Standard, Inc. V. Bendix Co.*, 487 F.Supp. 254, 261 (WD MO 1980)..

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**

P.O. BOX 223667
DALLAS, TEXAS 75222-3667

**MOTION TO TRANSFER VENUE WITH BRIEF** - Page 2
F:\Bb\3405.02\Pleading\motiontransfer venue.wpd

Indeed, transferring the case to the Marshall Division will speed up the proceedings. Once findings are made in the Underlying Action, the federal judge in Marshall can readily determine the duty to indemnify, without putting this Court to the unenviable task of reviewing and interpreting written memoranda/orders, live pleadings, a trial transcript, and jury findings. The federal judge in Marshall will know the intent of his written memoranda/orders, without speculation. The federal judge in Marshall will have seen and heard the witnesses' testimony in the trial transcript, he will not have to speculate about the witnesses' credibility. The trial judge in Marshall will have wrestled with the jury charge and heard the argument of counsel about what should or should not have appeared in the charge. And the federal judge in Marshall will have seen the parties' machinations in arriving at the live pleadings.

The pitfall of having a second federal court determine the indemnity issue can be seen in the example of allocating between covered and uncovered losses, which applies in this case. In *Duke v. Hoch*, 468 F.2d 973 (5th Cir.1972)(applying Florida law), the Fifth Circuit dealt with the issue of allocating indemnity obligations. A jury had returned a verdict against an insured on a general charge. Only part of the claims reflected covered events. The judgment creditor filed the subsequent indemnity garnishment action against the liability insurance carrier in the same federal court. In describing the means a federal district court should employ in allocating between covered and uncovered lasses, the Fifth Circuit wrote:

> The primary source of evidence will be, of course, the transcript of the merits trial, containing the evidence on which the jury based its verdict. The trial judge, as trier of fact, will be in the position of establishing as best he can the allocation which the jury would have made had it been tendered the opportunity to do so. If it is impossible for the court to make a meaningful allocation based on only the transcript, Duke should have the right to adduce additional evidence and Home to present evidence in rebuttal.

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

MOTION TO TRANSFER VENUE WITH BRIEF - Page 3
F:\Bb\3405.02\Pleading\motiontransfer venue.wpd

*Id.* at 984.

As seen from the *Duke* opinion, the trial transcript provides the best source for determining the indemnity obligations of the liability insurance carrier. To ask this Court to be put to the test of providing, for all intents, a *de novo* review of the transcript runs contra to the notion of convenience and the interest of justice.

Moreover, as the *Duke* opinion indicates, on the issue of indemnity, a district court judge may have to adduce additional evidence (witness testimony) if he/she cannot readily determine indemnity from the transcript. Unquestionably, the federal judge in Marshall, who will be imminently more familiar with the Underlying Action's facts and nuances, will be less likely to require additional witness testimony and evidence. And, in a case such as this, where the cause of action finds predicate, in part, from conduct in the State of Virginia (plaintiff's complaint at paragraph 11), the inconvenience of bringing witnesses from Virginia back to Fort Worth by the Defendants would be marked.

No inconvenience accrues to the Plaintiff by transferring this case to the Marshall Division, where the Underlying action is currently pending. The Plaintiff has withdrawn its defense of the Defendants in the Underlying Action. The Plaintiff is a national company with financial resources outstripping that of the Defendants, who went to the Plaintiff for insurance coverage for risks that the Defendants could not potentially respond to. The Plaintiff will have the benefit of the Defendants fighting two actions on two different fronts, all at the Defendants' own cost. The Plaintiff will not have the potential expense of presenting witnesses twice because of *de novo* proceedings for the declaratory judgment action. The Plaintiff will effectively have two bites at the apple, by requiring two federal courts to determine if indemnity attaches to the claims in the

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.

P.O. BOX 223667
DALLAS, TEXAS 75222-3667

**MOTION TO TRANSFER VENUE WITH BRIEF** - Page 4
F:\Bb\3405.02\Pleading\motiontransfer venue.wpd

Underlying Action from the facts presented at trial in one of the federal courts. By requiring the Defendants to effectively try the Underlying Action twice presents a clear balance of inconvenience to the Defendants - not to mention a burden on judicial resources.   Defendants have established grounds for transferring the captioned action to the Marshall Division of the Eastern District of Texas, where the Underlying Action is pending.

Absent an abuse of discretion, this Court's decision to transfer this action to the Marshall Division will not face reversal upon appeal.[5]  Moreover, an order to transfer under Section 1404(a) reflects a non-appealable interlocutory order.[6]  At this stage, only a clear abuse of discretion showing by writ of mandamus can reverse this Court's decision to transfer venue to the Underlying Action's situs, the Marshall Division.[7]

WHEREFOR, the Defendants ask that the Court grant their motion to transfer venue and order the transfer of the captioned action to the United States District Court for the Eastern District of Texas, Marshall Division.  The Defendants also ask for such further relief to which they may show entitlement.

---

[5]    *Peteet v. Dow Chemical*, 868 F.2d 1428, 1436 (5th Cir. 1989); *see also United States v. Gonzalez*, 163 F.3d 255, 259 (5th Cir. 1998).

[6]    *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 951 (9th Cir.1968).

[7]    *Commercial Lighting Products, Inc. v. United States Dist. Ct.*, 537 F.2d 1078, 1079 (9th Cir.1976).

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

MOTION TO TRANSFER VENUE WITH BRIEF - Page 5
F:\Bb\3405.02\Pleading\motiontransfer venue.wpd

Respectfully submitted,

BURT BARR & ASSOCIATES, L.L.P.


By: /s/ M. Forest Nelson
    JOHN HOLMAN BARR
    State Bar No. 01798700
    M. FOREST NELSON
    State Bar No. 14904625
    P.O. Box 223667
    Dallas, Texas 75222-3667
    (214) 943-0012
    Telefax: (214) 943-0048

**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE OF CONFERENCE**

I certify that on December 5, 2008, I attempted to contact counsel of record about the merits of this motion and they were not in the office. It is presumed that Plaintiff's counsel opposes this motion, accordingly, it is submitted to the Court for consideration.

    /s/ M. Forest Nelson
    M. Forest Nelson

**CERTIFICATE OF SERVICE**

I certify that on December 5, 2008, I filed this Motion to Transfer Venue using the electronic case filing system for the Northern District of Texas. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record, who have consented to such service.

    /s/ M. Forest Nelson
    M. Forest Nelson

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

MOTION TO TRANSFER VENUE WITH BRIEF - Page 6
F:\Bb\3405.02\Pleading\motiontransfer venue.wpd